**EDGEHILL VENTURES, LLC,**
*Plaintiff,*

v.

**JOHN DOE,** Accessing and In Possession of Stolen
Business Confidential Information, Thereby Injuring
Edgehill Ventures, LLC,
*Defendant.*

Civil Action No.
JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Edgehill Ventures, LLC ("Edgehill" or "Plaintiff") hereby complains and alleges against John Doe ("Defendant"), as follows:

## NATURE OF THE ACTION

1. This is a civil action for injunctive relief and damages against Defendant arising under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, the Tennessee Personal and Commercial Computer Act of 2003, Tenn. Code Ann. §§ 39-14-601 et seq., and the common law of trespass to chattels and conversion. As further alleged below, Defendant knowingly and without authorization accessed Plaintiff's protected computer systems, including the WordPress/WooCommerce staging site staging.rivermountain.org; obtained confidential business information; altered administrative privileges; and initiated automated resource-exhausting activity, thereby injuring Plaintiff.

## THE PARTIES

2. Plaintiff Edgehill Ventures, LLC is a business entity whose principal operations and the effects of the intrusion described herein are located in the Middle District of Tennessee.

3.       Defendant John Doe is presently identifiable through forensic evidence and known only by technical identifiers associated with the intrusion described herein. Plaintiff is unaware of the true name or names of Defendant sued herein as John Doe and, therefore, sues Defendant under a fictitious name. Plaintiff will amend this Complaint to allege Defendant's true name and capacity when it is discovered through further discovery.

4.       On information and belief based upon Plaintiff's reasonable investigation, Defendant is an individual or entity responsible for, or who participated in, the April 2026 unauthorized access to staging.rivermountain.org; the initiation of automated Zapier/Stripe loops; and the successful outbound updated webhook exfiltration using infrastructure that overlaps with a unique-IP. On further information and belief based upon reasonable investigation, Defendant is an individual, entity, group, or person acting in concert with others who was responsible for the unauthorized access, privilege changes, automated activity, and outbound webhook exfiltration alleged herein. Plaintiff will seek leave to amend this Complaint as additional responsible persons or entities are identified through discovery.

5.       On further information and belief, the actions and omissions alleged herein to have been undertaken by Defendant and agents of Defendant, wherein said actions and omissions undertaken by Defendant's agents were actions that Defendant authorized, controlled, directed, or had the ability to control or direct, or were actions and omissions that Defendant assisted, participated in, or otherwise encouraged, and are actions for which Defendant is liable.

## JURISDICTION AND VENUE

6.       This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action arises under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030. This Court has supplemental jurisdiction over Plaintiff's Tennessee statutory and common-law claims pursuant

to 28 U.S.C. § 1367 because those claims form part of the same case or controversy as Plaintiff's federal claim.

7. This Court has personal jurisdiction over Defendant because Defendant intentionally accessed protected computer systems used for commerce and communication with persons and entities in Tennessee, directed unauthorized activity at Plaintiff's systems and business-related data, and caused injury to Plaintiff in the Middle District of Tennessee.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Middle District of Tennessee. Defendant's unauthorized conduct was directed at Plaintiff's computer systems operated from Tennessee, and Plaintiff suffered the resulting injury, including investigation costs and remediation efforts in the Middle District of Tennessee.

**FACTS**

9. Plaintiff owns and operates online business systems, including the WordPress/WooCommerce staging website staging.rivermountain.org, used for services related to the operation of its business.

10. The staging website and related systems are "protected computers" under 18 U.S.C. § 1030(e)(2)(B), because they are used in or affecting interstate or foreign commerce or communication, including payment-related workflows, third-party integrations, and web-based communications.

11. Between April 1 and April 8, 2026, Defendant engaged in unauthorized reconnaissance activity within Plaintiff's Meta Business Manager, including repeated changes to partner access and permissions, in preparation for the unauthorized access to the staging site alleged herein.

12. On or about April 8, 2026, Defendant obtained administrative privileges and access within Plaintiff's WordPress/WooCommerce through unauthorized use of a Google sign-in OAuth permission.

13. On or about April 17, 2026, Defendant tampered with an administrator account associated with user ID 3, changed two-factor authentication settings, escalated partner permissions, and initiated repeated automated Zapier and Stripe loops that exhausted server resources and impaired normal operation of Plaintiff's systems.

14. On or about April 19, 2026, Defendant successfully caused an updated webhook to transmit data to an external service using the IP address 125.160.114.153, among others.

15. The same infrastructure artifacts, including specific IP addresses and device identifiers active during the April 17 through April 19, 2026 tampering and exfiltration window, appeared in a unique-IP list.

16. Plaintiff did not authorize any of the access, alterations, automated activity, privilege changes, webhook transmissions, or data exfiltration described above.

17. Since discovering the intrusion, Plaintiff has undertaken an ongoing forensic investigation to determine the identity of the intruder, the scope of the compromise, the data affected, and the extent of damages. Plaintiff's investigations include review of authentication records, administrative logs, webhook delivery logs, server logs, device artifacts, and related technical evidence.

18. Plaintiff expects additional facts concerning the intrusion and Defendant's identity to become available through third-party discovery.

19. As a direct result of the intrusion, Plaintiff incurred costs exceeding over $5,000.00 to investigate the compromise, preserve evidence, assess damage, restore system integrity, and

prevent further unauthorized access, all of which were incurred in the Middle District of Tennessee.

20. Defendant's conduct was malicious, intentional, willful and/or reckless, exceeded authorized access, caused damage to protected computers, and resulted in the transmission of information and commands that impaired the integrity and availability of Plaintiff's systems.

## FIRST COUNT - VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT (18 U.S.C. § 1030)

21. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 20 above.

22. Title 18, United States Code, Section 1030(g) provides that any person who suffers damage or loss by reason of a violation of the Computer Fraud and Abuse Act may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief. Under 18 U.S.C. § 1030(g), (a)(2)(C), (a)(5), and (c)(4)(A)(i)(I), a civil action may be brought where the conduct involves a loss during any one-year period aggregating at least $5,000 in value.

23. Defendant violated 18 U.S.C. § 1030(a)(2)(C) by knowingly and intentionally accessing Plaintiff's protected computers without authorization or in excess of any authorization and thereby obtaining information from those protected computers in transactions involving interstate or foreign communication.

24. Defendant violated 18 U.S.C. § 1030(a)(5)(B) by intentionally accessing protected computers without authorization and, because of such conduct, recklessly causing damage to Plaintiff.

25.    Defendant violated 18 U.S.C. § 1030(a)(5)(C) by intentionally accessing protected computers without authorization and, as a result of such conduct, causing damage and loss to Plaintiff.

26.    Defendant's conduct caused damage to Plaintiff, including impairing the integrity and availability of Plaintiff's data, programs, systems, and information, and caused Plaintiff to incur losses during a one-year period aggregating at least $5,000 in value, including costs of investigating the intrusion, responding to the incident, preserving evidence, remediating the compromise, restoring system integrity, and implementing measures to prevent further unauthorized access.

27.    Plaintiff has suffered damages resulting from Defendant's conduct in an amount to be proven at trial, but in excess of any statutory minimum prescribed by the claims alleged herein.

28.    As a direct result of Defendant's actions, Plaintiff has suffered and continues to suffer irreparable harm, including the ongoing risk of continued unauthorized access, misuse of Plaintiff's systems and confidential information, for which Plaintiff has no adequate remedy at law. Plaintiff will continue to suffer irreparable harm until an injunction issues against Defendant.

### SECOND COUNT - VIOLATION OF THE TENNESSEE PERSONAL AND COMMERCIAL COMPUTER ACT OF 2003

29.    Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 28 above.

30.    The Tennessee Personal and Commercial Computer Act of 2003, Tenn. Code Ann. §§ 39-14-601 et seq., prohibits, among other things, knowingly accessing, altering, damaging, deleting, destroying, or otherwise using computer systems, computer networks, computer programs, computer software, or computer data without authorization and provides a civil action to persons injured by reason of a violation of that part.

31.     Defendant knowingly and without authorization accessed Plaintiff's computer systems, computer networks, computer programs, computer software, and computer data, including the WordPress/WooCommerce staging site staging.rivermountain.org and related webhooks and integrations.

32.     Defendant knowingly and without authorization altered administrative privileges, changed two-factor authentication settings, escalated partner permissions, initiated repeated automated Zapier and Stripe loops, and caused outbound updated webhook transmissions to an external service.

33.     Defendant's unauthorized conduct injured Plaintiff and its property by impairing the integrity, availability, and normal operation of Plaintiff's systems and by causing Plaintiff to incur investigative, remediation, restoration, evidence-preservation, and security costs, together with other damages to be proven at trial.

34.     Pursuant to Tenn. Code Ann. § 39-14-604, Plaintiff is entitled to recover damages sustained and the costs of this civil action, together with all other relief permitted by law.

35.     As a direct result of Defendant's actions, Plaintiff has suffered and continues to suffer irreparable harm for which Plaintiff has no adequate remedy at law. Plaintiff will continue to suffer irreparable harm until an injunction issues against Defendant.

### THIRD COUNT - TRESPASS TO CHATTELS / CONVERSION

36.     Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 35 above.

37.     Defendant intentionally and without authorization interfered with Plaintiff's possessory interests in its computer systems, servers, software, integrations, data, and administrative accounts.

38. Defendant's actions included unauthorized access to Plaintiff's systems, manipulation of administrative privileges and two-factor authentication settings, automated resource-consuming Zapier and Stripe loops, and exfiltration of data through an outbound updated webhook.

39. Defendant's interference impaired the condition, quality, value, integrity, and availability of Plaintiff's computer systems and imposed substantial costs on Plaintiff, including time, money, lost system availability, and burden on Plaintiff's computers and servers.

40. Defendant also exercised unauthorized dominion or control over Plaintiff's data and system information in a manner inconsistent with Plaintiff's rights by copying, transmitting, retaining, or using such data without permission.

41. As a result of Defendant's unauthorized and intentional conduct, Plaintiff has been damaged in an amount to be proven at trial.

42. As a direct result of Defendant's actions, Plaintiff has suffered and continues to suffer irreparable harm for which Plaintiff has no adequate remedy at law. Plaintiff will continue to suffer irreparable harm until an injunction issues against Defendant.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Edgehill respectfully prays that the Court:

a. Enter judgment in favor of Plaintiff and against Defendant;

b. Declare that Defendant's conduct was willful, intentional, unauthorized, and without authorization;

c. Enter a preliminary and permanent injunction enjoining Defendant and Defendant's officers, directors, principals, agents, servants, employees, successors, assigns, and all persons and entities in active concert or participation with Defendant from engaging in any of the activity complained of herein, from causing any of the injury complained of herein, and from

assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activity complained of herein;

    d.    Order Defendant and all persons and entities in active concert or participation with Defendant to preserve and return or destroy all copies of Plaintiff's data, credentials, logs, information, and any materials in paper, electronic, or any other form that contain or reflect information derived from Plaintiff's systems or data;

    e.    Issue an order preserving all relevant records from Meta, Google, hosting providers, Stripe, Zapier, carriers, and any other third-party service providers associated with the unauthorized access, webhook transmissions, automated loops, and infrastructure artifacts described herein;

    f.    Grant expedited discovery and third-party subpoenas to identify Defendant and any co-conspirators, agents, infrastructure providers, accounts, devices, IP addresses, and payment or communications channels associated with the intrusion;

    g.    Award Plaintiff compensatory damages, statutory damages where available, enhanced, exemplary, special, and punitive damages where permitted, attorneys' fees, costs, expenses, and interest; and

    h.    Award Plaintiff any and all other relief to which Plaintiff is entitled and that the Court deems just and proper.

## **<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff demands a jury trial on all issues so triable.

Dated: <u>July 13, 2026</u>   Respectfully submitted

<u>/s/ Jonathan P. Farmer</u>
Jonathan P. Farmer, TN Bar No. 020749
SPENCER FANE LLP
511 Union Street, Suite 1000
Nashville, TN 37219
T: (615) 238-6309
jfarmer@spencerfane.com

Mateo Z. Fowler (to be admitted *Pro Hac Vice*)
SPENCER FANE LLP
816 Congress Avenue, Suite 1200
Austin, TX 78701
Phone: (512)575-6097
mfowler@spencerfane.com

Shawn E. Tuma (to be admitted *Pro Hac Vice*)
SPENCER FANE LLP
5700 Granite Parkway, Suite 650,
Plano, TX 75024
Phone: (972)324-0317
stuma@spencerfane.com

Sadaf A. Deedar (to be admitted *Pro Hac Vice)*
SPENCER FANE LLP
3040 Post Oak Blvd., Suite 1400
Houston, TX 77056-6560
Phone: (713)212-2663
sdedar@spencerfane.com

***Counsel for Plaintiff Edgehill Ventures, LLC***